UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ISABEL M. HERNANDEZ, ) | No. ED CV 13-00415-VBK |
| ) | |
| Plaintiff, ) | MEMORANDUM OPINION |
| ) | AND ORDER |
| v. ) | |
| ) | (Social Security Case) |
| CAROLYN W. COLVIN, Acting ) | |
| Commissioner of Social ) | |
| Security, ) | |
| ) | |
| Defendant. ) | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the Administrative Record ("AR") before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified AR.

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

```
                    considered the relevant medical evidence of record,
                    including the opinions of the treating physician;
          2.   Whether the ALJ's conclusions at Step Four of the sequential
               evaluation process are supported by substantial evidence;
               and
          3.   Whether the ALJ properly considered Plaintiff subjective
               complaints and properly assessed Plaintiff's credibility.
(JS at 3.)
```

This Memorandum Opinion will constitute the Court's findings of fact and conclusions of law. After reviewing the matter, the Court concludes that for the reasons set forth, the decision of the Commissioner must be reversed and the matter remanded.

**I**

**THE ALJ FAILED TO EVALUATE RELEVANT OPINIONS**

**OF EXAMINING PHYSICIANS, AND DID NOT EVALUATE**

**THE OPINION OF TREATING PHYSICIAN DR. HAI**

In Plaintiff's first issue, she asserts that the ALJ failed to properly consider the medical evidence, including the opinions of her treating physician, Dr. Hai.

On June 3, 2006, Plaintiff suffered a work-related injury in which she fell and injured her head and lower back. (AR 404.) In connection with her Workers Compensation ("WC") case, she submitted to an Agreed Medical Examination ("AME") on January 23, 2007 by Dr. Kent, a neurologist. (AR 255-279.) Dr. Kent found "diffuse cervical and shoulder girdle tenderness, as well as tenderness to percussion of the lumbar spine and palpation of the lumbar paraspinous musculature." (AR

2

272.) He objectively found "considerably diminished range of motion ... at the neck, waist, and bilateral shoulders." (Id.) He found that Plaintiff's visual acuity with a corrective lens is diminished, particularly on the left. (Id.)

Based on subjective complaints and also his objective examination, Dr. Kent precluded Plaintiff from "very heavy work with regard to the lumbar spine and from protracted flexion and extension with regard to the cervical spine." (AR 277.)

As Plaintiff acknowledges, Dr. Kent utilized WC terminology. This does not mean, however, that Dr. Kent's opinion could be simply ignored, as it was by the ALJ in this case.

As noted by Judge Wistrich in his opinion in Booth v. Barnhart, 181 F.Supp.2d 1099 (C.D. Cal. 2002):

> "Workers' compensation disability ratings are not controlling in disability cases decided under the Social Security Act, and the terms of art used in the California workers' compensation guidelines are not equivalent to Social Security disability terminology. See Macri v. Chater, 93 F.3d 540, 544 (9th Cir. 1996); Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 576 (9th Cir. 1988); see also Coria v. Heckler, 750 F.2d 245, 247 (3rd Cir. 1984)('The ALJ correctly noted that there are different statutory tests for disability under workers' compensation statutes and under the Social Security Act.'); 20 C.F.R. §§404.1504, 416.904."

(Id. at 1104.)

Consequently, because Dr. Kent's opinion constituted relevant

3

evidence of Plaintiff's condition after her industrial accident, the failure to the ALJ to address it at all constitutes significant error. Dr. Kent imposed certain lifting restrictions which required translation into the Social Security context, along with certain manipulative limitations, which required the same treatment.

Plaintiff began treating with Dr. Edward Hai on April 13, 2010. (AR 439.) Dr. Hai completed a document entitled "Medical Opinion Re: Ability to Do Work-related Activities (Physical)." (AR 460-462.) Dr. Hai imposed physical functional limitations which are not accounted for in the ALJ's determination of Plaintiff's residual functional capacity ("RFC"), which assesses Plaintiff as having the ability to perform less than the full range of medium work due to an inability to climb ladders, etc. (AR 14.) While the ALJ acknowledged Dr. Hai's conclusions, he accorded them "little weight" because they are "not supported by clinical or diagnostic evidence." (AR 17.) But the fact is that Dr. Hai was Plaintiff's treating physician, and did perform physical examinations on Plaintiff from April 2010 through at least February 2011. (AR 439, 440, 443, 444, 449, 450, 451, 453.) The ALJ failed to acknowledge these diagnostic examinations, and indeed, if the ALJ believed that Dr. Hai's functional assessment was not supported by diagnostic evidence, he should have re-contacted Dr. Hai to obtain clarification.

The ALJ also rejected Dr. Hai's opinion because, he stated, it was "not consistent with the remainder of the medical evidence." Such an overly general assessment does not lend itself to judicial review, and the Court finds it insufficient as a basis to sustain the rejection of Dr. Hai's opinion.

The ALJ also failed to address the opinions rendered by

4

Plaintiff's chiropractor, Dr. Trimble. Regulations provide that a chiropractor is not an acceptable medical source. See 20 C.F.R. § 404.1513. The regulations also indicate that while a chiropractor is not an acceptable medical source, it is an "other source" to be considered. See 20 C.F.R. § 404.1513(d)(1).

Finally, the ALJ failed to assess the opinion of Dr. Cooper, O.D., who rendered an opinion regarding Plaintiff's visual impairments. (AR 434-436.) The limitations assessed may well have an impact on the determination of Plaintiff's RFC, and in particular, whether Plaintiff is capable of performing her past relevant work.

For the foregoing reasons, the matter must be remanded for a new hearing so that a full evaluation can be made of all relevant medical sources.

With regard to Plaintiff's second issue concerning the ALJ's determination at Step Four, since the medical evidence must be reevaluated, this will potentially affect the determination of Plaintiff's RFC, and therefore, the Step Four determination.

As to the third issue, concerning Plaintiff's credibility, since the matter will be remanded for a de novo hearing, Plaintiff's credibility must be determined without reliance on the past credibility determination performed by this ALJ. Again, because the objective medical evidence will need to be reevaluated pursuant to this Memorandum Opinion, determination of Plaintiff's credibility regarding subjective complaints will also be similarly reevaluated. The Court will note, however, that any credibility determination must be more specific than the one utilized by the ALJ in this case, which basically set forth a generic comparison of the objective medical evidence, without identifying it, and Plaintiff's subjective

complaints. That is an insufficient basis to perform a credibility assessment.

    For the foregoing reasons, this matter will be remanded for further hearing consistent with this Memorandum Opinion.

    **IT IS SO ORDERED.**

DATED: December 20, 2013                    /s/
                                           VICTOR B. KENTON
                                           UNITED STATES MAGISTRATE JUDGE